IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHERYL DUPREE-CROKETT,** on behalf of herself and on behalf of a class of other similarly situated former employees of Defendants | : : : : : | CIVIL ACTION<br><br>NO. 05-CV-1215 |
| v. | : : | |
| **THE FRANKLIN MINT,** et al. | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                              **January    30, 2006**

Cheryl Dupree-Crokett ("Dupree-Crokett"), on behalf of herself and a class of approximately ninety others similarly situated (collectively, "Plaintiffs"), brings this putative class action against The Franklin Mint ("Franklin") and Randstad North America, LP ("Randstad") (collectively, "Defendants") for Franklin's alleged failure to provide written notice of a mass layoff in November 2003 in violation of the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. §§ 2101 to 2109.   For the reasons that follow, the Court will grant Defendants' Motions to Dismiss.

**I.     Background**

Franklin markets heirloom-quality collectibles to the public.  Franklin's Mem. Supp. Dismiss at 3.  At its facility in Media, Pennsylvania, Franklin supplemented its work force with temporary or contract workers from independent staffing agencies, such as Randstad.[1]  Amended Complaint ¶¶ 6-9, 16; Franklin's Mem. Supp. Dismiss at 3.

---

[1]     Randstad was responsible for paying the wages of Plaintiffs.  Amended Complaint ¶ 15.

On November 11, 2003, Franklin laid off approximately 150 employees. Id. ¶¶ 19, 23. In compliance with WARN, it provided written notice of the layoffs and also distributed an announcement explaining the reasons for downsizing. Franklin's Mem. Supp. Dismiss at 3, Ex. A. It did not provide WARN notice to Plaintiffs. Amended Complaint ¶¶ 20, 29. On May 18, 2005, Plaintiffs filed their Amended Complaint. Franklin and Randstad filed their Motions to Dismiss on June 6, 2005 and June 24, 2005, respectively.

## II.     Legal Standard

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## III.    Analysis

Plaintiffs allege that Franklin and Randstad violated the notice requirements of WARN. Under WARN, an employer with more than 100 full-time employees "shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order . . . ." 29 U.S.C. § 2102(a). The employer must give the notice to "each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee . . . ." 29 U.S.C. § 2102(a)(1). Failure to

2

give adequate notice renders the employer liable to each "affected employee" for back pay and benefits for the number of days notice was wrongfully not given. 29 U.S.C. § 2104(a)(1).

### A. Claim Against Randstad

Randstad never fired or laid off Plaintiffs and thus had no obligation to provide a WARN notice. See 29 U.S.C. § 2102(a); 20 C.F.R. § 639.2; Administaff Cos., Inc. v. New York Joint Bd., Shirt & Leisurewear Div., 337 F.3d 454, 457 (5th Cir. 2003) (finding that a staffing agency had no obligation to provide WARN notice to the employees affected by a plant closing ordered by the company that used its services because the staffing agency did not order the plant closing). Accordingly, the Court will grant Randstad's Motion to Dismiss.

### B. Claim Against Franklin

As noted above, WARN requires employers to give notice to all "affected employees." Franklin argues that Plaintiffs do not qualify as "affected employees" entitled to notice.

The term "affected employees" means "employees who may reasonably be expected to experience an employment loss as a consequence of a proposed . . . mass layoff by their employer." 29 U.S.C. § 2101(a)(5). Under the implementing regulations of the Department of Labor, "[c]onsultant or contract employees who have a separate employment relationship with another employer and are paid by that other employer, or who are self-employed, are not 'affected employees' of the business to which they are assigned."[2] 20 C.F.R. § 639.3(e); see Bradley v. Sequoyah Fuels Corp., 847 F. Supp. 863, 868 (E.D. Okla. 1994) (finding that an employee of Sequoyah Fuels Corporation ("SFC") who was asked to resign from SFC to become

---

[2] 29 U.S.C. § 2107 grants the Department of Labor ("DOL") authority to issue implementing regulations to carry out WARN.

3

an employee of a staffing company with the same job duties and the same pay was not an "affected employee" entitled to WARN notice when SFC experienced a plant closing); Shannon v. Computer Assocs. Int'l, Inc., 45 P.3d 345, 349 (Ariz. Ct. App. 2002) (holding that an employee who resigned to become an independent contractor was not an "affected employee" entitled to WARN notice).

As a matter of law, Plaintiffs here were contract workers who are specifically excluded from WARN notice under the DOL regulation. After their temporary assignments at Franklin ended, Plaintiffs remained employees of Randstad. In short, Plaintiffs were employees of Randstad, not Franklin. Accordingly, Plaintiffs were not "affected employees" and thus were not entitled to WARN protection.

## IV.   Conclusion

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHERYL DUPREE-CROKETT,** on behalf of herself and on behalf of a class of other similarly situated former employees of Defendants | : : : : : | **CIVIL ACTION** NO. 05-CV-1215 |
| v. | : : | |
| **THE FRANKLIN MINT, et al.** | : | |

**ORDER**

AND NOW, this 30th day of January, 2006, it is **ORDERED** that Defendants' Motions to Dismiss (docket nos. 9 and 11) are **GRANTED** for the reasons stated in the accompanying Memorandum. The Clerk of the Court shall mark this case **CLOSED**.

BY THE COURT:


 /s/ Bruce W. Kauffman
BRUCE W. KAUFFMAN, J.

5